# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Christine M. Arguello

Criminal Action No. 18-cr-00489-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. GABRIEL BENCOMO-DIAZ,
2. RONNIE JACQUEZ, and
3. DIANE ROMERO,

    Defendants.

---

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEVER PARTIES

---

This matter is before the Court on Defendant Gabriel Bencomo-Diaz's Motion to Sever Parties (Doc. # 63). The Government responded on July 22, 2019. (Doc. # 80.) Having reviewed the pleadings, pertinent record, and applicable law, for the following reasons, the Court GRANTS IN PART and DENIES IN PART the Motion.

### I.    BACKGROUND

This case arises out of an armed robbery that occurred in Pueblo, Colorado on August 10, 2018. (Doc. # 19.) Defendant Bencomo-Diaz was indicted on four counts relating to his alleged theft of a motor vehicle and role in an armed robbery of American Jewelry and Pawn during which he allegedly possessed and brandished a firearm. (*Id.* at 1–3.) After the robbery occurred, Co-Defendant Diane Romero allegedly "receive[d], relieve[d], comfort[ed] and assist[ed]" Defendants Bencomo-Diaz and Jacquez "in order

to hinder and prevent [their] apprehension, trial, and punishment." (*Id.* at 3.) As a result, Co-Defendant Romero was indicted on one count. (*Id.*)

On July 8, 2019, Defendant Bencomo-Diaz moved to sever his trial from Co-Defendants Jacquez and Romero. (Doc. # 63.) However, the reasons for Defendant Bencomo-Diaz's Motion to Sever exclusively pertain to Co-Defendant Romero. (*Id.* at 2–3.) Because Co-Defendant Romero allegedly made statements to law enforcement that inculpated Defendants Bencomo-Diaz and Jacquez, Defendant Bencomo-Diaz contends that his trial must be severed from the other Co-Defendants to avoid violation of his Sixth Amendment right to cross-examine Co-Defendants' statements. (*Id.* at 2.) Defendant Bencomo-Diaz does not identify any statements made by Co-Defendant Jacquez to law enforcement.

On July 22, 2019, the Government filed its response to the Motion to Sever. (Doc. # 80.) The Government does not oppose the severance of Co-Defendant Romero from Defendant Bencomo-Diaz's trial. (*Id.* at 3, ¶ 4.) The Government opposes severance of Co-Defendant Jacquez because there is no risk of "actual prejudice" and joint trials of Defendants Bencomo-Diaz and Jacquez, both of whom were allegedly present at the robbery, would foster "economy and efficiency" and serve "the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." (*Id.* at 2–3 (quoting *Richardson v. Marsh*, 481 U.S. 200, 210 (1987)).)

Notwithstanding Defendant Bencomo-Diaz's omission of any argument to the contrary, the Court agrees with the Government that Co-Defendant Jacquez's case

should not be severed. For the following reasons, Co-Defendant Romero's case shall be severed from the joint trial of Defendants Bencomo-Diaz and Jacquez.

## II. LEGAL STANDARDS

Joinder of defendants is governed by Federal Rule of Criminal Procedure 8(b), which provides that "[t]he indictment or information may charge [two] or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense . . . ." The underlying rationale of Rule 8(b) is to "balance the judicial efficiency inherent in group trials with fairness to the individual defendant[], whose case would be prejudiced if it were presented alongside those of defendants whose unrelated crimes could incite the passion of the jury against him." *United States v. B & H Maint. & Const., Inc.*, No. 07-cr-00090, 2008 WL 762246, at *3 (D. Colo. Mar. 19, 2008) (internal quotation marks and citation omitted). "There is a preference in the federal system for joint trials of defendants who are indicted together," as joint trials "promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" *Zafiro v. United States*, 506 U.S. 534, 537 (1993) (quoting *Richardson v. Marsh*, 481 U.S. 200, 210 (1987)). The general rule in this Circuit is to try together defendants who are jointly indicted. *United States v. Rinke*, 778 F.2d 581, 590 (10th Cir. 1985).

However, Federal Rule of Criminal Procedure 14 recognizes that joinder, even when permitted under Rule 8(b), may prejudice either a defendant or the government. *Zafiro*, 506 U.S. at 538. Rule 14(b) provides:

> If the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate

3

trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

The decision to grant severance or provide other relief is vested in the sound discretion of the trial court, *United States v. Hack*, 782 F.2d 862, 870 (10th Cir. 1986), but the Supreme Court has instructed that "a district court should grant a severance under Rule 14 only if there is **a serious risk that a joint trial would compromise a specific trial right of one of the defendants,** or prevent the jury from making a reliable judgment about guilt or innocence[.]" *Zafiro*, 506 U.S. at 539 (emphasis added).

When ruling on a motion to sever, the Court "must weigh the prejudice caused by the joinder against considerations of economy and expedition in judicial administration." *Rinke*, 778 F.2d at 590. The decision of whether to sever is a matter within the Court's sound discretion. *United States v. Rogers*, 652 F.2d 972, 976 (10th Cir. 1981).

### III.     ANALYSIS

As a preliminary matter, the Government does not contest Defendant Bencomo-Diaz's request to sever Co-Defendant Romero from Defendant Bencomo-Diaz's trial. (Doc. # 80 at 3, ¶ 4.) Indeed, the Government represented that Co-Defendant Romero's "incriminating statements to the jury against [Defendants Bencomo Diaz] and [] Jacquez in a joint trial present[] nearly insurmountable legal and evidentiary problems." (*Id.*) Additionally, a joint trial with Co-Defendant Romero would vitiate Defendant Bencomo-Diaz's constitutional right to cross examine Co-Defendant Romero as to her incriminating statements to law enforcement. (Doc. # 63 at 2, ¶ 5); *Bruton v. United States*, 391 U.S. 1213 (1968) (holding that admission at joint trial of co-defendant's confession implicating other defendant constituted prejudicial error despite a limiting

4

instruction as to the confession). Thus, pursuant to Rule 14(b), the Court is satisfied that there is a serious risk that a joint trial with Co-Defendant Romero would compromise Defendant Bencomo-Diaz's constitutional right. Accordingly, Co-Defendant Romero's case is severed from that of Defendants Bencomo-Diaz and Jacquez.

The same cannot be said for Defendant Bencomo-Diaz's request to sever Co-Defendant Jacquez from trial. In fact, Defendant Bencomo-Diaz does not make one argument in support of why Co-Defendant Jacquez's case should be severed from his own other than opaquely stating that "[g]iven the level of evidence against Ms. Romero, it would be a violation of Mr. Bencomo[-]Diaz's right to a fair trial to be tried together with Ms. Romero, **or any of the other co-defendants**." (Doc. # 63 at 2, ¶ 5 (emphasis added).) But the same reasons justifying Co-Defendant Romero's severance do not apply to Co-Defendant Jacquez.

With respect to Co-Defendant Jacquez, there is no evidence indicating that Co-Defendant Jacquez made any out-of-court incriminating statements to law enforcement or anyone else. As such, there is no threat to Defendant Bencomo-Diaz's Sixth Amendment right. Furthermore, Defendant Bencomo-Diaz has not shown that a joint trial with Defendant Jacquez would subject him to any legally cognizable prejudice, such that a separate trial is warranted under Rule 14(a). Given the absence of any reason establishing why a joint trial would prejudice Defendant Bencomo-Diaz, the Court is persuaded that Defendant Bencomo-Diaz's right to a fair trial would not be impermissibly restricted if he were to be jointly tried with Co-Defendant Jacquez.

Moreover, the Court agrees with the Government that a joint trial would "promote economy and efficiency" and "serv[e] the interests of justice by avoiding the scandal and equity of inconsistent verdicts." (Doc. # 80 at 3–4 (citing *Richardson*, 481 U.S. at 210).) Indeed, the indictment provides that Defendants Bencomo-Diaz and Jacquez were alleged to have "participated in the same act or transaction [,]" that is the armed robbery that constitutes the source of offenses at issue. (Doc. # 18); Fed. R. Crim. P. 8(b). If Defendants Bencomo-Diaz and Jacquez were tried separately, the Government would essentially expend double the amount of resources in trying the same case twice. (Doc. # 80 at 4, ¶ 6.) In accordance with the rationale of Rule 8(b) and the Tenth Circuit's preference for joint trials of defendants who were indicted together, the Court finds that a joint trial is necessitated for Defendants Bencomo-Diaz and Jacquez. *B & H Maint. & Const., Inc.*, 2008 WL 762246, at *3; *Rinke*, 778 F.2d at 590. Accordingly, Defendant Bencomo-Diaz is not entitled to a separate trial from Co-Defendant Jacquez.

### IV.     CONCLUSION

For the foregoing reasons, Defendant Bencomo-Diaz's Motion to Sever Parties (Doc. # 63) is GRANTED IN PART and DENIED IN PART. Co-Defendant Romero's case is severed from the joint trial of Defendants Bencomo-Diaz and Jacquez.[1] It is

FURTHER ORDERED that Defendant Romero's trial date, pretrial motions deadline, Final Trial Preparation Conference date, and Change of Plea Hearing date shall remain in effect as follows. It is

---

[1] The governing dates and deadlines for the joint trial of Defendants Bencomo-Diaz and Jacquez will be addressed in the Court's Order regarding Defendant Jacquez's Unopposed Motion for Ends of Justice Continuance Pursuant to 18 U.S.C. § 3161(h)(7) (Doc. # 87).

FURTHER ORDERED that Defendant Romero's Final Trial Preparation Conference set for **September 3, 2019, at 3:00 PM**, Change of Plea Hearing set for **September 3, 2019, at 3:00 PM**, and the **five-day** jury trial set to begin on **September 16, 2019, at 8:30 AM**, are all AFFIRMED.

DATED: July 26, 2019

BY THE COURT:

_Christine M. Arguello_
CHRISTINE M. ARGUELLO
United States District Judge